

FILED
CLERK, U.S. DISTRICT COURT
APR 1 2 2010
CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| JAMAUL L. MONK,<br><br>    Petitioner,<br><br>    v.<br><br>JOHN MARSHALL,<br><br>    Respondent. | Case No. CV 10-01446 RSWL (AN)<br><br>**ORDER DISMISSING HABEAS PETITION AS TIME-BARRED** |

Before the Court is a petition for a writ of habeas corpus ("Petition") brought pursuant to 28 U.S.C. § 2254 by Jamaul L. Monk ("Petitioner"), a state prisoner proceeding *pro se*. For the reasons discussed below, the Petition is dismissed with prejudice because the Court finds it is time-barred.

## I. BACKGROUND

The pending Petition, filed by the Clerk on February 26, 2010, raises two claims directed at Petitioner's 2005 conviction of first degree attempted murder, which he sustained following a jury trial in the California Superior Court for the County of Los Angeles (case no. MA026337). Pursuant to the Court's duty to screen § 2254 petitions, the Magistrate Judge found it plainly appeared from the face of the Petition and relevant state court records that this action was barred by the one-year statute of

limitations of the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"). 28 U.S.C. §2244(d)(1)(A). Accordingly, on March 4, 2010, the Magistrate Judge issued an order to show cause that notified Petitioner the action appeared to be time-barred absent some basis for tolling or an alternative start to AEDPA's one-year limitations period under 28 U.S.C. § 2244(d)(1)(B)-(D). (3/4/10 Order to Show Cause Re Dismissal of Habeas Petition As Time-barred ("OSC"), dkt. 3.) The OSC discussed the various bases for tolling and directed Petitioner to show cause why the action should not be dismissed as time-barred by filing a written response no later than March 24, 2010. (OSC at 4-8.) The OSC warned Petitioner that his failure to file a timely response to the OSC would result in a waiver of his right to respond to the OSC, and that his Petition would be dismissed with prejudice as time-barred without further notice. (OSC at 8.) On March 19, 2010, Petitioner filed his Response to the OSC ("Response"), which he erroneously refers to as his Answer. (Dkt. 4.) The matter now stands submitted.

## II. DISCUSSION

### A. Standard of Review

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254, requires a judge to "promptly examine" a habeas petition and "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Local Rule 72-3.2 of this Court also provides "[t]he Magistrate Judge promptly shall examine a petition for writ of habeas corpus, and if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief, the Magistrate Judge may prepare a proposed order for summary dismissal and submit it and a proposed judgment to the District Judge." C.D. Cal. R. 72-3.2. Further, an untimely habeas petition may be dismissed *sua sponte*, however, the district court must give the petitioner adequate notice and an opportunity to respond before doing so. *Day v.*

*McDonough*, 547 U.S. 198, 209-10, 126 S. Ct. 1675 (2006); *Herbst v. Cook*, 260 F.3d 1039, 1043 (9th Cir. 2001).

**B.  Statute of Limitations**

The Petition is governed by AEDPA because it was filed after April 24, 1996, AEDPA's enactment date. 28 U.S.C. § 2244(d)(1); *see Lindh v. Murphy*, 521 U.S. 320, 327-37, 117 S. Ct. 2059 (1997). In most cases, the limitations period begins to run from "the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

The face of the Petition establishes that Petitioner sustained his underlying conviction on September 23, 2005, and that he was sentenced on April 5, 2006. (Pet. at 2.) The Petition and relevant state court records[1/] also establish that the California Court of Appeal, Second Appellate District, Division Three, denied his direct appeal on May 31, 2007 (case no. B190887), and the California Supreme Court denied his petition for review of that decision on August 15, 2007 (case no. S154225). (Pet. at 2-3; California appellate records.) Neither the Petition nor state court records establish that Petitioner filed a petition for certiorari with the United States Supreme Court. Therefore, for purposes of AEDPA's limitations period, Petitioner's judgment became final on November 13, 2007, the ninetieth day after the state high court denied his petition for review and the last date for him to file a petition for certiorari with the Supreme Court. *Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999). The statute of limitations then started to run the next day, November 14, 2007, and ended a year later on November 13, 2008. 28 U.S.C. § 2244(d)(1)(A); *see also Patterson v. Stewart*, 251 F.3d 1243, 1245-47 (9th Cir. 2001) (the limitations period begins to run on the day after the triggering event pursuant to Fed. R. Civ. P. 6(a)). Petitioner did not

---

[1/]  The Court takes judicial notice of Petitioner's records in the state appellate courts, which are available on the Internet at http://appellatecases.courtinfo.ca.gov. *See Smith v. Duncan*, 297 F.3d 809, 815 (9th Cir. 2002) (federal courts may take judicial notice of relevant state court records in federal habeas proceedings).

constructively file his Petition in this matter until February 18, 2010[2] -- 462 days (approximately 1 year, 3 months) after the expiration of the limitations period.

Accordingly, absent some basis for tolling or an alternative start date to AEDPA's limitations period under 28 U.S.C. § 2244(d)(1), the pending Petition is time-barred.

## C. Statutory Tolling

AEDPA includes a statutory tolling provision that suspends the limitations period for the time during which a "properly-filed" application for post-conviction or other collateral review is "pending" in state court. 28 U.S.C. § 2244(d)(2); *Waldrip v. Hall*, 548 F.3d 729, 734 (9th Cir. 2008); *Bonner v. Carey*, 425 F.3d 1145, 1148 (9th Cir. 2005). An application is "pending" until it has achieved final resolution through the state's post-conviction procedures. *Carey v. Saffold*, 536 U.S. 214, 220, 122 S. Ct. 2134 (2002). The limitations period is not tolled between the time a final decision is issued on direct state appeal and the time a state collateral challenge is filed because there is no case "pending" during that interval. *Thorson v. Palmer*, 479 F.3d 643, 646

---

[2] Pursuant to the "mailbox rule," a *pro se* prisoner's habeas petition is deemed to be filed on the date the prisoner delivers the petition to prison authorities for mailing to the clerk. *Houston v. Lack*, 487 U.S. 266, 270-71, 108 S. Ct. 2379 (1988); *Huizar v. Carey*, 273 F.3d 1220, 1222 (9th Cir. 2001). The pending Petition was filed by the Clerk on February 26, 2010, and reflects that it was signed and dated by Petitioner on February 18, 2010. (Pet. at 1, 8.) Although the accompanying proof of service states Petitioner mailed the Petition to the Clerk's Office on February 11, 2010, the Court finds this is clearly a mistake because it is impossible for Petitioner to have signed the Petition on February 18, 2010, if he had already mailed it to the Clerk's Office on February 11, 2010. Under the circumstances, the Court finds Petitioner signed the proof of service before he signed the Petition on February 18, 2010, and that he inadvertently failed to correct the proof of service before he delivered it to prison officials for mailing to the Clerk's Office. Moreover, the Court gives Petitioner the benefit of the doubt by assuming he constructively filed the Petition on February 18, 2010, the date he signed it and the earliest date he could have delivered it to prison authorities for mailing to the Clerk' Office.

1 | (9th Cir. 2007); *Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999). On collateral review, however, "intervals between a lower court decision and a filing of a new petition in a higher court," when reasonable, fall "within the scope of the statutory word 'pending'" thus tolling the limitations period. *Saffold*, 536 U.S. at 221, 223; *Evans v. Chavis*, 546 U.S. 189, 192, 126 S. Ct. 846 (2006) (*citing Saffold*).

Further, to qualify for statutory tolling during the time the petitioner is pursuing collateral review in the state courts, his *first* state habeas petition must be constructively filed *before*, not after, the expiration of AEDPA's one-year limitations period. *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) ("[S]ection 2254 does not permit the reinitiation of the limitation period that has ended before the state petition was filed"); *Jiminez v. Rice*, 276 F.3d 478, 482 (9th Cir. 2001) (stating that filing of state petition after AEDPA's one-year time period has elapsed bars federal habeas review); *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000) ("A state-court petition [] that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled").

The face of the Petition indicates Petitioner constructively filed a habeas petition with the superior court on May 19, 2008, and that petition was denied the same day.[3] (Pet. at 4.) The Petition and state court records also establish Petitioner next filed a second state habeas petition in the state court of appeal on July 14, 2008, which was denied on August 5, 2008 (case no. B209245). (Pet. at 4; California appellate records.) Finally, the face of the Petition and state court records establish Petitioner filed a third state habeas petition in the California Supreme Court on September 24, 2008 (case no. S166980), which was denied on April 15, 2009.[4] (Pet.

---

[3] The mailbox rule also applies to *pro se* state habeas petitions. *Stillman v. Lamarque*, 319 F.3d 1199, 1201 (9th Cir. 2003).

[4] Orders of the California Supreme Court denying habeas petitions are final
(continued...)

Page 5

at 4-5; California appellate records). Given 333 days of statutory tolling,[5] the limitations period was extended from November 13, 2008, to October 12, 2009. The Petition is still untimely by 122 days.

### D. Alternative Start of the Statute of Limitations

#### 1. State-Created Impediment

In rare instances, AEDPA provides that its one-year limitations period shall run from "the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action." 28 U.S.C. § 2244(d)(1)(B). Asserting that the statute of limitations was delayed by a state-created impediment requires establishing a due process violation. *Lott v. Mueller*, 304 F.3d 918, 925 (9th Cir. 2002). Thus, a claim under this provision "must satisfy a far higher bar than that for equitable tolling." *Ramirez v. Yates*, 571 F.3d 993, 1000 (9th Cir. 2009). Petitioner's filings do not set forth any facts that show he is entitled to relief under this provision.

#### 2. Newly Recognized Constitutional Right

AEDPA provides that, if a claim is based upon a constitutional right that is newly recognized and applied retroactively to habeas cases by the United States Supreme Court, the one-year limitations period begins to run on the date which the new right was initially recognized by the United States Supreme Court. 28 U.S.C. § 2244(d)(1)(C). Petitioner's filings do not set forth any facts that show he is entitled to relief under this provision.

---

[4] (...continued)
upon filing. CAL. CT. R. 8.532(b)(2)(C).

[5] Petitioner was entitled to 331 days of statutory tolling, but the Court has added two days since the last day fell on a Saturday. Fed. R. Civ. P. 6(a)(1)(C).

### 3. Discovery of Factual Predicate

The AEDPA also provides that, in certain cases, its one-year limitations period shall run from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). In his Response, Petitioner claims he did not discover the factual predicate of his claim of actual innocence (ground two of the Petition) until 2008. (Resp. at 1-6.[6/]) More specifically, he attaches to his Response an affidavit by a person named Juan Rayford, who alleges he is a friend of Petitioner's attempted murder victim, Darryl Bell. Rayford declares in the affidavit that, while Bell was recovering from the shooting in the hospital in 2003, he told Rayford that Petitioner was not the shooter. The affidavit is dated January 9, 2008, and March 14, 2008. (Resp. at 6.) Petitioner claims he "only came across this new evidence while incarcerated at Kern Valley State Prison (KVSP) in 2008 when the state petition was filed." (Resp. at 2.)

Setting aside Petitioner's failure to establish his actual innocence, which is discussed in section F, below, Petitioner has also failed to establish his Petition is timely due to the late discovery of the factual predicate. First, he is not entitled to an alternate start date under § 2244(d)(1)(D) because "actual innocence" is not a cognizable, independent constitutional claim. "Claims of actual innocence based on newly discovered evidence have never been held to state a ground for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceeding." *Herrera v. Collins*, 506 U.S. 390, 400, 113 S.Ct. 853 (1993). Stated another way, "a claim of 'actual innocence' is not itself a constitutional claim, but instead a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits." *Coley v. Gonzales*,

---

[6/] For convenience and clarity, the Court has cited to pages of the Response by referring to the electronic pagination furnished by the Court's official CM-ECF electronic document filing system.

55 F.3d 1385, 1387 (9th Cir. 1995) (quoting *Herrera*, 506 U.S. at 404). "The exception is available only where the petitioner '*supplements* his constitutional claim with a colorable showing of factual innocence.'" *Id.* (emphasis in original). As discussed below, Petitioner has made no such "colorable showing" of factual innocence. As a result, there is no independent constitutional claim raised in the Petition for which Petitioner belatedly discovered the factual predicate. § 2244(d)(1)(D).

Second, even assuming without finding that Petitioner was entitled to an alternate start date of the limitations period, the Petition is still untimely. Petitioner does not allege at what point in 2008 he made contact with Rayford or discovered the information contained in Rayford's affidavit, but the affidavit itself was first signed and dated by Rayford on January 9, 2008. (Resp. at 6.) While Petitioner was most likely aware of Rayford's intended statement well before the affidavit was prepared, he was certainly aware of it by the time it was signed on January 9, 2008. Assuming the one-year statute of limitations began running on that date, it expired on January 8, 2009. Adding the 333 days of statutory tolling for Petitioner's state collateral review, the limitations period would have been extended to Monday, December 7, 2009. The Petition, constructively filed on February 18, 2010, would still be untimely by 73 days.

The Court finds Petitioner is not entitled to an alternate start date of AEDPA's limitations period due to the late discovery of the factual predicate for his claims, and even if he was, his Petition would still be untimely.

### E.     Equitable Tolling

The United States Supreme Court has not yet decided whether AEDPA's limitations period allows for equitable tolling but it has assumed without deciding that it is available where the parties have agreed. *Lawrence v. Florida*, 549 U.S. 327, 336, 127 S. Ct. 1079 (2007) ("We have not yet decided whether § 2244(d) allows for equitable tolling."); *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S. Ct. 1807 (2005) ("We have never squarely addressed the question whether equitable tolling is

applicable to AEDPA's statute of limitations").

The Ninth Circuit has found equitable tolling is available, *Harris v. Carter*, 515 F.3d 1051, 1054 n.4. (9th Cir. 2008), however, it has cautioned, "[e]quitable tolling is justified in few cases," and "the threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule." *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003); *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002) (same). "This high bar is necessary to effectuate the 'AEDPA's statutory purpose of encouraging prompt filings in federal court in order to protect the federal system from being forced to hear stale claims.'" *Mendoza v. Carey*, 449 F.3d 1065, 1068 (9th Cir. 2006). Further, "[e]quitable tolling determinations are 'highly fact-dependent.'" *Id.* The petitioner "bears the burden of showing that equitable tolling is appropriate." *Espinoza-Matthews v. California*, 432 F.3d 1021, 1026 (9th Cir. 2005).

Moreover, in *Pace*, the Supreme Court clearly established that "a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace*, 544 U.S. at 418; *Lawrence*, 549 U.S. at 336. *Pace*'s diligence prong requires the petitioner to show he engaged in reasonably diligent efforts to file his § 2254 petition throughout the time the limitations period was running. *Mendoza*, 449 F.3d at 1070; *see also Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000) (stating that equitable tolling requires a showing that "the party seeking equitable tolling must have acted with reasonable diligence throughout the period he seeks to toll" and "extraordinary circumstances prevented him from filing his petition on time"). The petitioner must also demonstrate that he exercised reasonable diligence in attempting to file his habeas petition after the extraordinary circumstances began otherwise the "link of causation between the extraordinary circumstances and the failure to file [is] broken." *Spitsyn*, 345 F.3d at 802. *Pace*'s "extraordinary circumstances" prong requires the petitioner to "additionally show that the

1  extraordinary circumstances were the cause of his untimeliness, and that the
2  extraordinary circumstances made it impossible to file a petition on time." *Ramirez*,
3  571 F.3d at 997 (internal quotations and citations omitted). Petitioner's filings do not
4  set forth any facts that show he is entitled to equitable tolling.

### F. Actual Innocence/Miscarriage Of Justice

In his Response, Petitioner alleges that Rayford's affidavit cited above constitutes newly discovered evidence of his actual innocence. (Resp. at 1-6.) Under the actual innocence gateway of *Schlup v. Delo*, 513 U.S. 298, 115 S. Ct. 851 (1995), a petitioner's procedurally barred claim may be considered on the merits if his claim of actual innocence is sufficient to implicate a fundamental miscarriage of justice. *Majoy v. Roe*, 296 F.3d 770, 775-76 (9th Cir. 2002). To establish a miscarriage of justice, the petitioner must proffer "evidence of innocence strong enough that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error." *Griffin v. Johnson*, 350 F.3d 956, 960-61 (9th Cir. 2003); *cf., Bousley v. United States*, 523 U.S. 614, 622, 118 S. Ct. 1604 (1998) ("Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either 'cause' and actual 'prejudice' . . . or that he is 'actually innocent.'"). Further, Petitioner must first furnish "new reliable evidence . . . that was not presented at trial." *Schlup*, 513 U.S. at 324. This evidence must demonstrate that "it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Id*. at 327; *House v. Bell*, 547 U.S. 518, 536-37, 126 S. Ct. 2064, (2006). "Because such evidence is obviously unavailable in the vast majority of cases, claims of actual innocence are rarely successful." *Schlup*, 513 U.S. at 324.

Setting aside Petitioner's failure to demonstrate the actual innocence gateway provides a basis for overcoming his <u>untimeliness</u>, as opposed to a procedural default, *see Majoy*, 296 F.3d at 776, the Court finds he has not made the required showing. Petitioner has failed to present sufficient evidence to show that it is more likely than

not that no reasonable juror would have convicted him, *Sistrunk v. Armenakis*, 292 F.3d 669, 673, 677 (9th Cir. 2002), or that this is one of the "extraordinary" cases "rais[ing] sufficient doubt about [his] guilt" such that it "undermine[s] confidence in the result of the trial." *House*, 547 U.S. at 537. On direct appeal, the state court of appeal recited the following pertinent facts:

> While [Bell] was in the hospital, unable to speak, he mouthed to his sister, who was able to read his lips, that Monk shot him. About three weeks after the shooting, while Bell was in the hospital, Detective Brian Dow showed him a photographic six-pack from which Bell identified Monk. Bell also identified Monk as the shooter at trial. Bell and Monk had gone to juvenile camp together.

*People v. Monk*, No. B190887, 2007 WL 1559696, at *1 (Cal. Ct. App. May 31, 2007).[7/] Rayford's belated affidavit does not amount to reliable or trustworthy new evidence that rebuts Bell's numerous positive identifications of Petitioner as the shooter. As a result, Petitioner's alleged newly discovered evidence fails to undermine confidence in the result of the trial. *Schlup*, 513 U.S. at 324; *House*, 547 U.S. at 537. Petitioner has failed to make an adequate showing under the stringent *Schlup* standard that is required to override the AEDPA's statute of limitations.

The face of the Petition and state court records establish Petitioner does not qualify for *Schlup*'s actual innocence gateway exception, and he has failed to show otherwise despite having an opportunity to do so.

Accordingly, the pending Petition is barred by the statute of limitations.

///

///

---

[7/] Under the AEDPA, a state court's factual determinations are presumed to be correct unless the petitioner has rebutted the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Taylor v. Maddox*, 366 F.3d 992, 1000 (9th Cir. 2004).

# ORDER

Based upon the foregoing, the Court finds the Petition is time-barred. Further, by way of the OSC, the Court finds Petitioner has received notice and an adequate opportunity to show cause why the Petition should not be dismissed as time-barred. ACCORDINGLY, IT IS HEREBY ORDERED THAT the reference to the Magistrate Judge is vacated and the Petition is dismissed with prejudice. The Clerk is directed to enter judgment dismissing this action with prejudice and notifying Petitioner of said judgment. Any and all pending motions are terminated.

DATED: April 12, 2010

RONALD S.W. LEW
_____
RONALD S.W. LEW
SENIOR, UNITED STATES DISTRICT JUDGE

Presented by:

_____
Arthur Nakazato
United States Magistrate Judge